WILLIAM C. KIDD, Secretary, Department of Business Development
You have asked for my opinion as to whether industrial development revenue bonding under sec. 66.521, Stats., is available for a project for a new automobile showroom, warehouse, and repair facility of a retail automobile dealership in Milwaukee.
Your inquiry is prompted by a desire to fulfill your responsibilities under sec. 560.01, Stats., to "foster the growth and diversification of the economy of the state" and to "provide assistance to commercial, industrial and recreational development and expansion," among other things.
The real question, as you have indicated, is whether sec. 66.521, Stats., encompasses businesses which are primarily retail and commercial in their nature, such as the proposed project.
It is my opinion that industrial development revenue bonding under sec. 66.521, Stats., is not available for projects such as the one proposed.
Section 66.521 (3) (b), Stats., limits the authority of municipalities to issue revenue bonds for industrial projects. It provides:
"(3) * * * Any municipality may: *Page 142 
"* * *
"(b) Borrow money and issue revenue bonds to finance the costs of the acquisition, equipping, purchase, construction, reconstruction or remodeling of industrial projects and the improvement of sites." (Emphasis supplied)
The statutory definition of "project" is broad enough so that it could be interpreted to encompass an automobile dealership within its terms. Under sec. 66.521 (2) (b), Stats., the term "project" refers to "any revenue producing enterprise . . . engaged in the . . . warehousing, storing or distributing of any products of . . . manufacture." However, the term "industrial" is not defined under the statute. Webster's Seventh New Collegiate Dictionary distinguishes the synonyms for the term "business" on page 113. "Commerce" and "trade" are defined to "imply the exchange and transportation of commodities." On the other hand, "industry" is defined to apply to "the producing of commodities, esp. by manufacturing or processing, on so large a scale that capital and labor are significantly involved." Accordingly, the warehousing, storing or distributing projects authorized by statute appear to be limited to those directly related to industrial endeavors and not to retail and commercial enterprises. In other words, only an industrial warehouse, storage or distribution center would be authorized under the statute.
In adopting the industrial development revenue bond law, the legislative findings in sec. 66.521 (1), Stats., found and declared that industries located in this state have been induced to move or expand their operations outside of Wisconsin to the detriment of this state. The legislature found and declared that this has resulted in the loss or reduction of tax revenues and an increase in unemployment.
The legislature then went on to declare that it is "the policy of this state to promote the right to gainful employment, business opportunities and general welfare of the inhabitants thereof and to preserve and enhance the tax base by authorizing municipalities to acquire industrial buildings. * * *"
Thus, the legislature looked upon industry as the best means to promote statewide employment and to enhance the state's tax base. There was no legislative finding that there was a similar loss of retail *Page 143 
enterprises to other states resulting in a similar loss of employment or tax revenues, nor is there any evidence to that effect. Nor is there evidence that the purposes of the statute could be best achieved by retail enterprises.
Industry provides employment and enhances the tax revenues for the state and its municipalities. It serves as the base from which a sustained program of economic improvement can be launched. The influx of industrial jobs into a community coincides with the interests of merchants, bankers, lawyers, doctors, and others who benefit from the presence of industry.
The recruitment of industry, in the minds of the legislature, is the most promising means of upgrading employment and incomes to advance the general welfare of this state and its communities. This in turn will produce a broader and stronger tax base to generate essential revenues.
Unlike industry, which is more mobile and free to locate in various parts of the nation, retail enterprises generally are locally oriented and depend upon local demands. This observation, of course, would not apply to national and regional offices of large commercial and retail enterprises. However, most retail establishments locate on the basis of proximity to the market, and generally would not locate outside Wisconsin when the market is within the state. On the other hand, the marketplace of an industrial enterprise usually extends beyond the borders of the state. The presence of industry in Wisconsin stimulates the economic growth of the state, and to the extent the state can attract industries to locate in Wisconsin, the state can grow on the basis of demands generated in the national marketplace.
The public purpose is best achieved by making the statute available to industrial enterprises, and the legislature has so declared.
Recently the Wisconsin Supreme Court upheld the constitutionality of sec. 66.521, Stats., in its decision inState ex rel. Hammermill Paper Co., et al. v. La Plante (1973),58 Wis.2d 32, 205 N.W.2d 784.
One of the questions answered by the Court was: *Page 144 
"8. Does the limitation of the benefits of sec. 66.521, Stats., to `industrial enterprises' deny to nonindustrial enterprises the equal protection of laws under sec. 1, art. 1 of the Wisconsin Constitution and the fourteenth amendment of the United States Constitution?"
In concluding there was no denial of equal protection the court said:
"All enterprises within the definition of `project' are treated the same pursuant to sec. 66.521, Stats. The legislature specifically found that it was the `industry' located in this state that was being induced to move their operations. To ease this economic drain upon the state, the legislature determined it was necessary to promote industrial enterprises. It cannot be said that the legislature's classification in sec. 66.521 is either irrational or arbitrary. Section 66.521 does not contradict the equal protection clauses of either the Wisconsin or United States Constitutions."
It is my opinion that industrial development revenue bonding under sec. 66.521, Stats., is not available for projects such as the one proposed which is for a retail enterprise.
RWW:APH