EVERETT E. BOLLE, Director of Legislative Services, WisconsinState Assembly
Under 1977 Assembly Bill No. 18, I have been asked to provide an opinion to the following questions:
 "1. Are hotels, motels and marinas considered to be `projects' under the definition provided in section 66.521 (2) (b) of the statutes?
 "2. Is a municipality authorized to use the proceeds from the sale of revenue bonds under section 66.521 of the statutes to establish a reserve for payment of the principal of and the interest on the bonds?"
From my examination of the current statutes involved, the answer to both of your questions is no.
Section 66.521 (2)(b), Stats., defines the terms "project" and "industrial project" under Wisconsin's Industrial Revenue Bond Law. These definitions make no direct reference to hotels, motels and marinas as permissible projects. It could be argued that such facilities were intended to be included within the meaning of the term "recreational facilities, convention centers and trade centers" found in paragraph 11 of the definition section. However, it is doubtful that this was the legislative intent, and for bonding purposes it would be preferable to specifically mention such facilities by name in the statutory definition. Private bond counsel undoubtedly would be unwilling to render an unqualified approving opinion for a bond issue which contemplated the use of funds in this manner under the current law. 62 Op. Att'y Gen. 141 (1973), opined that industrial development revenue bonding was not available for facilities of a retail automobile dealership because sec. 66.521, Stats., was intended to encompass businesses which were primarily industrial rather than retail and commercial in nature. The inclusion of hotels, motels and marinas as permissible projects seems to border on the periphery of the original intent of the law. Such facilities ordinarily would be viewed as retail and commercial in their nature. On the other hand, tourism is regarded as a major industry in Wisconsin, and such facilities could be viewed as part of the tourism industry. At any rate, *Page 164 
the specific reference to hotels, motels and marinas within the statutory definition would clarify the legislative intent.
As to the second question, there is nothing in sec. 66.521, Stats., which specifically authorizes bond proceeds to be used to establish a debt service fund. The first paragraph of sec. 66.521 (7), Stats., does not provide for the intentional establishment of a reserve fund, but simply directs that if any portion of the proceeds is not needed for the purpose for which the bonds were issued that it be applied to the payment of principal and interest on the bonds. Section 66.521 (7) and (13), Stats., provide for the application of proceeds from the sale of bonds, but no provision is made therein that proceeds may be used as a reserve for payment of the principal of and interest on the bonds, except as may be contemplated under the limited circumstances of sec. 66.521 (7)(h), Stats. Legislation would have to be enacted to provide for this.
BCL:APH